FILED
SUPERIOR COURT
OF GUAM

2021 DEC 15 PM 12: 11

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| KRISTIAN CHITONGCO DIZON, | **Superior Court Case No. <u>DM0370-21</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE SPOUSAL SUPPORT** |
| KRISTAL ANN O'CONNOR DIZON, | |
| Defendant. | |

The Court here considers whether to award pendente lite spousal support to Defendant Kristal Dizon. Having reviewed the evidence presented in the recent hearing related to child custody, as well as the parties' submissions and the relevant law, the Court GRANTS the Motion.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The Court incorporates the findings from its Decision and Order concerning child custody, issued concurrently with this Decision and Order. References to exhibits pertain to exhibits admitted in the course of the hearing on child custody.

On September 1, 2021, Kristal moved for an award of spousal support pendente lite. She asks that she be awarded half of Plaintiff Kristian Dizon's monthly income. DM380-21 (Decl. Kristal Dizon, ¶ 33 (Sep. 1, 2021).

Kristian was on active duty orders with the Guam National Guard until September 30, 2021. His monthly pay while on active duty orders was approximately $8,869. Exs. A, B. On October 1, 2021, he returned to his employment with Bank of Guam and now earns $4,804.98 per month, plus $719.80 per month from the Guard National Guard for his weekend warrior duties. In total, his current gross monthly income equates to roughly $5,525. His monthly

ORIGINAL

expenses include an apartment, an auto loan and auto insurance for the parties' two cars, credit card bills for expenses incurred by Kristal during the marriage, and medical and dental insurance for the family.[1]

Since late August 2021, Kristal has resided in Oklahoma. It is unknown whether she will remain in Oklahoma following the Court's decision mandating that E.D. be returned to Guam.

Prior to leaving Guam, Kristal did not work--she had E.D. in her custody throughout the week which prevented her from obtaining regular employment.[2] If Kristal returns to Guam, E.D. will be enrolled in school and the parties will split physical custody of E.D. throughout the week. This schedule will not preclude Kristal, who is thirty-two years old, from obtaining full-time employment, though Guam's job market opportunities nor market wage have been established. Notably, Kristal has not held a steady job and has a high school degree, however she has had training in medical coding and also has developed a Reiki practice.

If Kristal remains in Oklahoma, she can work full-time as she has family support there. Kristal interviewed for jobs in Oklahoma offering $15 per hour, which translates to an annual income of $31,200 or a monthly income of $2,600. She also pays for a portion of an apartment, as well as credit card bills.

Submitted child support worksheets place the potential child support obligation at between $800 and $1200 per month.

## II.    LAW AND DISCUSSION

"When an action for dissolution of marriage is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his

---

[1] During the custody hearing, there was testimony of the contents of the parties' bank accounts. It is unclear what amounts remain in those accounts.

[2] Kristal received Pandemic Unemployment Assistance ("PUA") benefits until August 2021. Since those benefits ceased by the time of Kristal's motion, the Court does not consider the PUA payments relevant to its analysis.

ORIGINAL

children, or prosecute or defend the action." 19 GCA § 8402. The purpose of temporary spousal support is to enable the economically dependent spouse to live in his or her accustomed manner while the divorce action is pending. *Malabanan v. Malabanan*, 2013 Guam 30 ¶ 28 (citing *Whelan v. Whelan*, 197 P.2d 361, 362-63 (Cal. Ct. App. 1948)). In determining an amount of spousal support, the trial court must exercise its sound discretion, considering the circumstances of the parties, their necessities, and ability to pay. *See Cruz v. Cruz*, 2005 Guam 3 ¶ 10 (citing *Arnold v. Arnold*, 12 P.2d 435, 436 (Cal. 1932)). This requires examining the parties' respective incomes and earning abilities, the property each possesses, and their needs. *See Cruz*, 2005 Guam 3 ¶ 10 (citing *Sweeley v. Sweeley*, 170 P.2d 469, 470 (Cal. 1946)). Additionally, courts have looked to the parties' prior and present standard of living, the length of the marriage, and the parties' age, education, and respective abilities. *Kang v. Kang*, 2014 Guam 10 ¶ 10.

The Court first looks at their respective incomes. Since October 1, 2021, Kristian makes roughly $5,525 in combined income from Bank of Guam and the Guam National Guard. Kristian also pays for an auto loan, auto insurance, and the parties' health insurance, though no specific amounts were provided for these expenses. Kristian also appears potentially subject to pay between $800 and $1200 per month in child support. As for Kristal, there is no evidence that she found a job in Oklahoma, though she testified that she interviewed for jobs that offered $15 per hour. If she acquires a position at that salary level, she will earn a monthly income of $2,600.

Given Kristian's monthly income, Kristal's historical dependence on Kristian for financial support during the seven years of marriage, Kristal's youth and ability to obtain a job, and Kristian's obligations to pay for the parties' auto and health expenses, the Court finds a monthly spousal support award of $1,000 to be appropriate to support Kristal during the pendency of the case and while she transitions to financial independence.

ORIGINAL

The Court further awards spousal support of $1,000 retroactive to the date of Kristal's Motion. Therefore Kristian owes retroactive spousal support in the total amount of $3,000 for the months of October, November and December. However, specifically for the one month of September 2021, in which Kristian was still on active duty orders and earned a much higher income, the Court awards spousal support of one-third of his income of $8,868, which is $2,956.

## III.    CONCLUSION AND ORDER

The Court GRANTS Kristal's Motion for spousal support pendente lite and ORDERS Kristian to pay Kristal $1,000 per month. Moreover, the Court ORDERS arrears in the amount of $5,956.

SO ORDERED this 15th day of December 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
C. B. CAMACHO
VAN DE VELD
Date: _____ Time: 4 15/21
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Catherine Bejerana Camacho, Esq., Law Office of Catherine Bejerana Camacho, for Plaintiff
    Kristian Chitongco Dizon
Curtis Van de veld, Esq., The Van de veld Law Offices, P.C., for Defendant Kristal Ann
    O'Connor Dizon

ORIGINAL